IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PURSHE KAPLAN STERLING INVESTMENTS, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **JEFF THOMSEN** and **CAROL THOMSEN**, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR TERMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION <br><br> Case No. 2:24-CV-00002-JNP <br><br> District Judge Jill N. Parrish |

Defendants Jeff and Carol Thomsen ("the Thomsens") recently initiated an arbitration proceeding against Plaintiff Purshe Kaplan Sterling Investments, Inc. ("PKS") before the Financial Industry Regulatory Authority ("FINRA"). PKS asserts that the Thomsens' claims are not arbitrable and thus seeks an order from this court enjoining the Thomsens from pursuing their claims against PKS in the FINRA arbitration. PKS's motion is **DENIED**.

The standard for a TRO is the same as that for a preliminary injunction.[1] *See, e.g., Wiechmann v. Ritter*, 44 Fed. App'x 346, 347 (10th Cir. 2002) (unpublished) (quoting *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir.1996)); *Bauchman by & Through Bauchman v. West High Sch.*, 900 F. Supp. 248, 250 (D. Utah 1995). The movant must establish that (1) it has a substantial likelihood of prevailing on the merits; (2) it will suffer irreparable injury if the TRO is denied; (3) its threatened injury outweighs the damage that the TRO will cause the non-movant; and (4) the TRO would not be adverse to the public interest. *Id.* (citations omitted).

---

[1] Because PKS provided the Thomsens notice of its motion and the Thomsens responded in opposition to PKS's motion, PKS need not support its motion with specific facts in an affidavit or verified complaint under Federal Rule of Civil Procedure 65(b)(1)(A). *Cf. Purdy v. Metlife Home Loans*, No. 1:16-CV-28, 2016 U.S. Dist. LEXIS 27014, at *2 (D. Utah Mar. 2, 2016).

PKS's motion is denied because it cannot demonstrate that it will suffer irreparable harm absent preliminary injunctive relief. Previously, the court entered an order granting in part the parties' stipulated motion to extend time for the Thomsens to oppose PKS's motion. *See* ECF No. 31. In connection therewith, the parties agreed to provide PKS an extension for filing its answer in the FINRA arbitration until March 18, 2024. Thus, the arbitration is on hold and PKS will suffer no irreparable harm between now and March 18, 2024 because the court has scheduled a one-day bench trial on PKS's declaratory judgment action to be held prior to that date. *See* ECF No. 36. In short, PKS has not demonstrated that it would suffer irreparable harm because this matter will be resolved on its merits prior to the date on which PKS will be required to expend resources defending its interests in the FINRA arbitration.

**ORDER**

For the reasons stated herein, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) is **DENIED**.

Signed February 15, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge